**240**

## HAZELTON v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10592. Decided Feb 10, 1930

William F. Waldeisen, Cleveland, for Hazelton.

Ray T. Miller, Pros. Atty, Cleveland, for State.

**LEVINE, J.**

The prosecuting attorney apparently was under the impression that error proceedings were prosecuted direct from the Justice of the Peace court to this court. If that were the case his motion would be well taken but such was not the case. The matter comes into this court seeking a reversal of the order of the common pleas court affirming the conviction, and is in our opinion a regular proceeding sanctioned by law and for that reason the motion of the prosecuting attorney for a dismissal of the error proceedings will be overruled.

The charge upon which Mrs. Hazelton was convicted was that of unlawful possession of intoxicating liquor. The bill of exceptions which contains a record of the testimony offered before the Justice of the Peace discloses that two pint bottles were found in Mrs. Hazelton's automobile; that said pint bottles contained liquor. No one testified as to what the liquor was. No chemical analysis was made or attempted in this case. It is incumbent upon the state to prove the allegations of the affidavit that the liquor found in her possession was intoxicating liquor. As there is a total absence of such evidence the conviction was, in our opinion, improper.

The judgment of the common pleas court affirming the conviction is therefore reversed and the plaintiff in error is ordered discharged.

Vickery, PJ., concurs. Sullivan, J., not participating.

## PIERCE v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10562. Decided Feb. 3, 1930

G. Stevens, Cleveland, for Pierce.
Ben Levin, Cleveland, for City.

**LEVINE, J.**

While it is true that the other police officer was interrogated by way of cross-examination concerning the same subject matter, yet in the charge of the court to the jury the court expressly told the jury in substance to disregard any testimony showing that there was a fight and assault. In our opinion this was material in view of the denial of the accused that he was intoxicated.

The judgment of the Municipal Court is ordered reversed and a new trial ordered according to law.

Vickery, PJ., and Sullivan, J., concur.